SUMMARY ORDER

Appellant Leslie Nieves, pro se, appeals the district courts grant of summary judgment dismissing her claims of age discrimination and retaliation under the Age Discrimination in Employment Act, 29 U.S.C. § 621 et seq. See Nieves v. Angelo, Gordon & Co., No. 05 Civ. 7782 NRB, 2007 WL 1098710 (S.D.N.Y. Apr. 10, 2007). We assume the parties’ familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.
We review a district court’s order granting summary judgment de novo, and ask whether the court properly concluded that there were no genuine issues of material fact and that the moving party was entitled to judgment as a matter of law. See Miller v. Wolpoff & Abramson, L.L.P., 321 F.3d 292, 300 (2d Cir.2003).
Discrimination Claim
In order to make out a prima facie case of age discrimination, a plaintiff must show: (1) membership in a protected age group; (2) qualification for the position; (3) an adverse employment decision; and (4) circumstances giving rise to an inference of discrimination. See Norville v. Staten Island Univ. Hosp., 196 F.3d 89, 96-97 (2d Cir.1999). Once a plaintiff alleges a prima facie case of discrimination, the burden of production shifts to the employer to demonstrate a legitimate, nondiscriminatory reason for the adverse employment decision. See McDonnell Douglas Corp. v. Green, 411 U.S. 792, 804, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973); Fisher v. Vassar Coll., 70 F.3d 1420, 1449 (2d Cir.1995) (holding that claims under the ADEA are analyzed under the McDonnell Douglas burden shifting framework). The burden then shifts back to the plaintiff to present evidence that the employer’s proffered reason is a pretext for an impermissible motivation. See McDonnell Douglas, 411 U.S. at 804-05, 93 S.Ct. 1817. “[A]l-though the presumption of discrimination drops out of the picture once the defendant meets its burden of production, the trier of fact may still consider the evidence establishing the plaintiffs prima facie case and inferences properly drawn therefrom ... on the issue of whether the defendant’s explanation is pretextual.” Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 143, 120 S.Ct. 2097, 147 L.Ed.2d 105 (2000) (quotations and citations omitted). A plaintiff cannot defeat a summary judgment motion based on “purely conelusory allegations of discrimination, absent any concrete particulars.” See Meiri v. Dacon, 759 F.2d 989, 998 (2d Cir.1985).
*679 The district court found that Appellant failed to show that she was terminated under circumstances giving rise to an inference of age discrimination because there was “not one scintilla of evidence in the record which tends to support plaintiffs theory....” Nieves, 2007 WL 1098710 at *6. We agree with the district court’s determination. Nieves cannot state a prima facie case because she fails to offer any evidence to show that her termination was causally connected to her age. To the contrary, the record demonstrates that Nieves was terminated due to her insubordination and failure to complete assigned tasks, such as cleaning and inventorying a supply closet.
Even assuming arguendo that Appellant established a prima facie case of age discrimination, Angelo, Gordon & Co. articulated a legitimate non-discriminatory reason for Appellant’s termination, and even if Appellant could demonstrate pretext, she still bore the ultimate burden of showing that she was treated adversely on account of her age, which she failed to meet. See Slattery v. Swiss Reins. Am. Corp., 248 F.3d 87, 94 (2d Cir.2001).
As to Nieves’s discrimination claim based on disparate pay, we agree with the district court’s finding that “there is simply no discernable pattern to the pay of administrative assistants [in the office] from which plaintiff can reasonably draw any inference of age discrimination.” Nieves, 2007 WL 1098710 at *5. Nieves has not demonstrated circumstances giving rise to an inference of discrimination and, therefore, has failed to establish a prima facie case. See Norville, 196 F.3d at 96-97.
Retaliation Claim
Nieves alleges that her employer retaliated against her for complaining about her low salary. To establish a pri-ma facie case of retaliation under the ADEA, a plaintiff is required to show by a preponderance of the evidence that: (1) she participated in a protected activity, (2) the defendant knew of the protected activity; (3) she experienced an adverse employment action; and (4) a causal connection exists between the protected activity and the adverse employment action. Kessler v. Westchester County Dep’t of Soc. Servs., 461 F.3d 199, 206-07 (2d Cir.2006) (quoting Cifra v. Gen. Elec. Co., 252 F.3d 205, 216 (2d Cir.2001)). The same standards and burdens apply to claims under both Title VII and the ADEA. See Terry v. Ashcroft, 336 F.3d 128, 141 (2d Cir.2003). Accordingly, if a plaintiff alleges a prima facie case of retaliation and the employer provides a legitimate, non-retaliatory reason for the challenged employment decision, the plaintiff must present evidence that would be sufficient to permit a rational jury to conclude that the employer’s explanation is merely a pretext for impermissible retaliation. See Cifra, 252 F.3d at 216 (citations omitted).
The district court properly granted summary judgment with respect to Nieves’s retaliation claims. Nieves failed to meet her ultimate burden of providing sufficient evidence to create a material issue as to whether Angelo, Gordon & Co.’s stated reason for her termination— her insubordination — was a pretext for impermissible retaliation. And as the district court found, Nieves’s other retaliation claims are either too conelusory to survive summary judgment, see Shumway v. United Parcel Serv., Inc., 118 F.3d 60, 65 (2d Cir.1997), or are “[i]solated, minor acts or occasional episodes” that “do not warrant relief [under the ADEA],” Brennan v. Metro. Opera Ass’n, Inc., 192 F.3d 310, 318 (2d Cir.1999). In particular, Nieves’s allegation that defendant attempted to sabotage her effort to find subsequent em *680 ployment by stating that she was employed as a “clerk” when providing her an employment reference is to no avail. Even if we accept her contention that she was not in fact a “clerk,” she provides no evidence whatever that defendant was motivated by discriminatory reasons in providing such a reference nearly a year after Nieves was terminated. See Burkybile v. Bd. of Educ. of Hastings-On-Hudson Union Free Sch. Dist., 411 F.3d 306, 314 (2d Cir.2005).
We have carefully considered Nieves’s remaining claims and find them to be without merit.
For the foregoing reasons, the judgment of the district court is hereby AFFIRMED.